IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH B. KOVAL, ) </br> ) </br> Plaintiff, ) </br> ) </br> vs. ) </br> ) </br> WASHINGTON COUNTY ) </br> REDEVELOPMENT AUTHORITY, ) </br> ) </br> Defendant. ) | Civil Action No. 07-1432 </br> Judge Nora Barry Fischer |

**MEMORANDUM OPINION**

I.     **INTRODUCTION**

Pending before the Court is Defendant Washington County Redevelopment Authority's ("Authority") Motion to Dismiss [8] under Federal Rule of Civil Procedure 12(b)(1) and/or 12(b)(6). For the following reasons, Defendant's motion is **GRANTED**.

II.     **BACKGROUND**

On October 22, 2007, Plaintiff Joseph B. Koval filed a complaint against the Defendant, his former employer, alleging that the Authority denied him certain retirement health benefits and then failed to later reinstate such benefits for him despite reinstating the benefits of "virtually all the Authority employees." (Docket No. 1). The complaint alleges that Plaintiff is entitled to relief under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132(a)(1)(B) and 1132(a)(5)(B), and under state law theories of breach of contract and quasi-contract. (Docket

No. 1). Plaintiff's complaint alleges that federal jurisdiction over the ERISA claim is conferred at 29 U.S.C. § 1132(e)(1).[1]  (Docket No. 1).

On December 21, 2007, Defendant filed the pending motion to dismiss, arguing that Plaintiff has plead that the Authority is a "duly incorporated municipal authority." (Docket No. 8.) As such, pursuant to ERISA section 1003(b), the retirement health benefit plan is a "governmental plan" not subject to ERISA and therefore Plaintiff's claim should be dismissed for lack of subject matter jurisdiction under Rule 12(b)(1). (Docket No. 8). Defendant further argues that as no original jurisdiction exists over the Plaintiff's alleged ERISA claim, "there is no basis for the exercise of supplemental jurisdiction" for the breach of contract and quasi-contract claims under 28 U.S.C. § 1367(c)(3) which should also be dismissed under Rule 12(b)(1). (Docket No. 8). Alternatively, Defendant argues that the common law claims should be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (Docket No. 8).

Plaintiff thereafter filed a Brief in Opposition on January 30, 2008, in which he argues that the Court has proper subject matter jurisdiction over the ERISA claim because the Authority's retirement benefit plan does not constitute a "governmental plan" exempt from ERISA. (Docket No. 13). Defendant responded by filing a reply brief on February 14, 2008 (Docket No. 14), and after receiving leave of Court, Plaintiff filed a sur-reply brief on March 21, 2008 (Docket No. 18). Defendant's motion is now fully briefed and ripe for disposition.

---

[1] While not stated explicitly in Plaintiff's brief, as he claims that this Court has proper subject matter jurisdiction pursuant to ERISA, a federal law, he has alleged that his ERISA claim invokes federal question jurisdiction under 28 U.S.C. § 1331.

### III. LEGAL STANDARD

As set forth above, Defendant moves to dismiss Plaintiff's claims under both Rule 12(b)(1) and 12(b)(6). When a movant invokes multiples bases in support of a motion to dismiss, the court should consider the Rule 12(b)(1) challenge first because all other defenses will become moot if the court must dismiss the complaint for lack of subject matter jurisdiction. *See In re Corestates Trust Fee Litig.*, 837 F. Supp. 104, 105 (E.D. Pa. 1993). Accordingly, the Court will first consider the Defendant's challenge to this Court's subject matter jurisdiction pursuant to Rule 12(b)(1).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) challenges the lack of subject matter jurisdiction over a plaintiff's claims. *See* Fed. R. Civ. Pro. 12(b)(1). "At issue in a Rule 12(b)(1) motion is the court's 'very power to hear the case.'" *Petruska v. Gannon University*, 462 F.3d 294, 302 (quoting *Mortenson v. First Federal Savings and Loan Association*, 549 F.2d 884, 891 (3d Cir.1977)). As he is the party asserting jurisdiction, Plaintiff "bears the burden of showing that its claims are properly before the district court." *Development Fin. Corp. v. Alpha Housing & Health Care*, 54 F.3d 156, 158 (3d Cir. 1995); *see also Kehr Packages, Inc.*, 926 F.2d at 1409 ("When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff must bear the burden of persuasion"). In reviewing a motion to dismiss pursuant to Rule 12(b)(1), the court must distinguish between facial attacks and factual attacks. *Petruska*, 462 F.3d at 302.

A facial attack challenges the sufficiency of the pleadings, and the court must accept the plaintiff's allegations as true. *Id.* When a defendant attacks a complaint on its face, he "[asserts] that considering the allegations of the complaint as true, and drawing all reasonable inferences in favor of [plaintiff], the allegations of the complaint are insufficient to establish a federal cause of action." *Mullen v. Thompson*, 155 F.Supp.2d 448, 451 (W.D. Pa. 2001). Dismissal is proper under Rule

12(b)(1) only when "the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous." *Kehr Packages, Inc. v. Fidelcor, Inc.*, 1409 (3d Cir. 1991), *cert. denied*, 501 U.S. 1222 (1991) (quoting *Bell v. Hood*, 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946)).

When a defendant however launches a factual attack on subject matter jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Petruska*, 462 F.3d at 302 (quoting *Mortenson*, 549 F.2d at 891). In a factual attack, the court must weigh the evidence relating to jurisdiction, with discretion to allow affidavits, documents, and even limited evidentiary hearings. *United States ex rel. Atkinson v. Pa. Shipbuilding Co.*, 473 F.3d 506, 514 (3d Cir. 2007).

Here, Defendant has asserted a facial attack on the subject matter jurisdiction of the Plaintiff's ERISA claim, arguing that Plaintiff has plead that the Authority is a "duly incorporated municipal authority" and hence, a government entity whose retirement health plan is a "governmental plan" not subject to ERISA. (Docket No. 8). Plaintiff argues that the retirement plan is not a governmental plan within the exception. (Docket No. 13). To resolve the instant matter, the Court will now turn to the applicable statutory provisions.

**IV.     DISCUSSION**

In his complaint, Plaintiff asserts that this Court has subject matter jurisdiction over his ERISA claim pursuant to 29 U.S.C. § 1132(e)(1). Federal district courts are generally granted

4

subject matter jurisdiction over civil actions for violations of ERISA. *See* 29 U.S.C. § 1132(e)(1).[2] ERISA governs employee benefit plans that are established or maintained by employers or employee organizations, subject to certain exceptions. *See generally* 29 U.S.C. §§ 1003(a)(1)-(3). The exception at issue here, Section 1003(b)(1), provides, in pertinent part, that ERISA "shall not apply to any employee benefit plan if – (1) such plan is a governmental plan as defined in § 1002(32) of this title." 29 U.S.C. § 1003(b)(1). "The term 'governmental plan' means a plan established or maintained for its employees by the Government of the United States, by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing." 29 U.S.C. § 1002(32). If an employee benefit plan is classified as a "governmental plan" as defined above, it is outside the scope of ERISA and therefore no statutory basis exists from which this Court may assert federal question jurisdiction over Plaintiff's ERISA claim.

To resolve the instant matter, this Court must determine whether the Authority can be classified under ERISA as "the Government of the United States, [...] the government of any State or political subdivision thereof, or [...] any agency or instrumentality of any of the foregoing." The terms "political subdivision" "agency" and "instrumentality" are not defined in ERISA, and the U.S.

---

[2]

Section 1132(e)(1) provides:

> [e]xcept for actions under subsection (a)(1)(B) of this section, the district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a participant, beneficiary, fiduciary, or any person referred to in section 1021(f)(1) of this title. State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under paragraphs (1)(B) and (7) of subsection (a) of this section.

29 U.S.C. § 1132(e)(1).

Court of Appeals for the Third Circuit has not addressed the issue. *See Perazzo v. Reliance Standard Life Ins. Co.*, Civ. Action No. 00-3342, 2001 WL 1468287 at *3-4 (E.D. Pa. Nov. 15, 2001). Neither party has identified to the Court a decision in the Third Circuit in which a Redevelopment Authority of the Commonwealth of Pennsylvania was analyzed under ERISA and pertinent case law to determine if it could be classified as a governmental plan.

Both parties, however, identify decisions of district courts within the Third Circuit that have adopted and applied tests from other circuits to define the above terms. In *Perazzo*, the district court applied the *NLRB* test to define "political subdivision" set forth by the U.S. Court of Appeals for the Second Circuit in *Rose v. Long Island R.R. Pension Plan*, 828 F.2d 910, 916 (2d Cir. 1987) and the U.S. Court of Appeals for the Seventh Circuit in *Shannon v. Shannon*, 965 F.2d 542, 547 (7th Cir. 1992). *See Perazzo*, 2001 WL 1468287 at *5-6; *see also Potier v. Sun Life of Canada*, Civ. A. No. 98-3056, 1998 WL 754980, at *2 (E.D. Pa. Oct. 28, 1998) (applying *NLRB* test). In *Zarilla v. Reading Area Community College*, No. Civ. Action. 99-1057, 1999 WL 554609 at *2 (E.D. Pa. June 30, 1999), the district court applied the "employer-relationship" methodology to define "agency" or "instrumentality" as set forth by the U.S. Court of Appeals for the District of Columbia in *Alley v. Resolution Trust Corp.*, 984 F.2d 1201, 1206 n. 11 (D.C. Cir. 1993).

As discussed in *Perazzo*, the Court declines to apply the test in *Alley* here because *Alley* involved a determination as to "whether an entity was an agency or instrumentality of the federal, as opposed to state, government." *Perazzo*, 2001 WL 1468287 at *5 (citing *Caranci v. Blue Cross & Blue Shield*, 194 F.R.D. 27, 35 (D.R.I. 2000)). Accordingly, the Court will analyze the instant matter under the *NLRB* test.

In *NLRB v. Natural Gas Utility District*, 402 U.S. 600 (1971), the Supreme Court held that

an entity is a "political subdivision" if it is "either (1) created directly by the state, so as to constitute departments or administrative arms of the government, or (2) administered by individuals who are responsible to public officials or the general electorate." *NLRB*, 402 U.S. 600 (1971). "The Supreme Court applied this test in order to determine whether an entity is exempt from the substantive provisions of both the National Labor Relations Act and the Labor Management Relations Act." *Perazzo*, 2001 WL 1468287 at *4. The *NLRB* test has been applied to interpret "political subdivision" under ERISA by the U.S. Courts of Appeals in the Second and Seventh Circuits. *See Shannon v. Shannon*, 965 F.2d 542, 547 (7th Cir. 1992); *Rose v. Long Island R.R. Pension Plan*, 828 F.2d 910, 916 (2d Cir. 1987).

The district court in *Perazzo* applied the *NLRB* test and held that the Philadelphia Parking Authority was an agency or political subdivision of the Commonwealth. *Perazzo*, 2001 WL 1468287 at *6. Likewise, the district court in *Major v. Southeastern Pennsylvania Transp. Authority*, Civ. A. No. 92-3218, 1993 WL 21212, at *1 (E.D.Pa. Jan. 22,1993), found that the Southeastern Pennsylvania Transportation Authority constituted an agency of the Commonwealth. To determine if the first prong of the *NLRB* test was met, whether such entity was "created directly by the state, so as to constitute departments or administrative arms of the government," both courts examined the entity's creation under the pertinent enabling legislation.

Here, the Washington County Redevelopment Authority was created pursuant to the Urban Redevelopment Law, 35 P.S. § 1701, *et. seq*. (the "URL"). The purpose of the URL is described in section 1702, which provides that:

> it is hereby declared to be the policy of the Commonwealth of Pennsylvania to promote the health, safety and welfare of the inhabitants thereof **by the creation of bodies corporate and politic**

> **to be known as Redevelopment Authorities**, which shall exist and operate for the public purposes of the elimination of blighted areas through economically and socially sound redevelopment of such areas, as provided by this act, in conformity with the comprehensive general plan of their respective municipalities for residential, recreational, commercial, industrial or other purposes, and otherwise encouraging the provision of healthful homes, a decent living environment and adequate places of employment of the people of this Commonwealth. **Such purposes are hereby declared to be public uses for which public money may be spent and private property may be acquired by the exercise of the power of eminent domain**.

35 P.S. § 1702 (1947) (emphases added). Further, "Authority" or "Redevelopment Authority" under the URL is defined as "[a] public body and a body corporate and politic created and organized in accordance with the provisions of this act." 35 P.S. § 1703. An Authority created under the URL is also explicitly identified in section 1709 as an agency of the Commonwealth, and is granted certain public powers, including the power of eminent domain, consistent with a finding of such agency status. *See* 35 P.S. § 1709. Section 1709 of the URL provides, in pertinent part, that:

> **[a]n Authority shall constitute a public body, corporate and politic, exercising public powers of the Commonwealth as an agency thereof**, which powers shall include all powers necessary or appropriate to carry out and effectuate the purposes and provisions of this act, including the following powers in addition to those herein otherwise granted:
>
> ...
>
> (d) **To act as agent of the State or Federal Government** or any of its instrumentalities or agencies for the public purposes set out in this act;
>
> ...
>
> (i) To acquire by eminent domain any real property, including improvements and fixtures for the public purposes set forth in this act, in the manner hereinafter provided, except real property located outside a redevelopment area ...

35 P.S. § 1709 (emphasis added). Further support of a finding that the Authority is an agency of the Commonwealth is found in section 1704(a), which provides that "[e]ach such body shall be known as the Redevelopment Authority of the city or the county, as the case may be, but shall in no way be deemed to be an instrumentality of such city or county, or engaged in the performance of a municipal function." 35 P.S. § 1704(a).

In this Court's estimation, the provisions of the URL discussed above, like the applicable laws in *Perazzo* and *Major*, are persuasive in the determination that the Washington County Redevelopment Authority is a political subdivision or agency of the Commonwealth. The URL is enabling legislation that authorizes the creation of entities such as the Authority, provides explicitly that any such Authority is an agency of the Commonwealth, and not of a city or county, and designates certain public powers, such as eminent domain, to the Authority.

As this Court has determined that the Authority is a Commonwealth agency, the Court need not conduct an analysis under the second prong of the *NLRB* test, which is stated in the disjunctive. The retirement benefit plan administered by the Authority is therefore excluded from the coverage of ERISA and no subject matter jurisdiction exists for this Court to hear Plaintiff's claim that such plan was administered in a manner contrary to ERISA. Accordingly, Defendant's motion to dismiss Plaintiff's claim under ERISA is granted.

The Court, having dismissed Plaintiff's ERISA claims for lack of subject matter jurisdiction, therefore declines to exercise supplemental jurisdiction over Plaintiff's remaining common law contract and quasi-contract claims. *See* 28 U.S.C. 1367(c)(3). No independent jurisdictional basis exists for this Court to hear Plaintiff's common law claims. Accordingly, Defendant's motion to dismiss as to such claims is also granted.

## V. CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss [8] is **GRANTED**. An appropriate Order follows.

s/ *Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

Dated: April 16, 2008

cc/efc: All counsel of record